[No. 15738. Department One. August 6, 1920.]

H. M. RAMEY, JR., *Respondent*, v. CLIFFORD GRAVES et al., *Appellants.*[1]

DAMAGES (75)—MEASURE OF DAMAGES—BREACH OF CONTRACT— LOSS OF COMPENSATION FOR SERVICES. Where the compensation agreed to be paid an attorney is contingent on the successful result of the suit, the measure of damages for a wrongful discharge from employment is the reasonable value of the services rendered, and not the contingent fee agreed upon.

ATTORNEY AND CLIENT (44)—COMPENSATION—BREACH OF CONTRACT —REASONABLE VALUE OF SERVICES—EVIDENCE. No recovery can be had by an attorney for a wrongful discharge from employment under a contingent fee contract where no evidence was offered or received to prove the reasonable value of the services rendered up to the time of the discharge; nor is a recovery sustained by proof of expenditures by the attorney during the time of his employment, the evidence only being offered to show what was done under the contract, and not as special damages.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 13, 1919, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Reversed.

[1]Reported in 191 Pac. 801.

*Geo. H. Rummens,* for appellants.

*H. M. Ramey, Jr., pro se (J. Speed Smith,* of counsel), for respondent.

MAIN, J.—By this action the plaintiff seeks to recover upon a contract for services rendered as an attorney. The cause was tried to the court without a jury, and resulted in findings of fact, conclusions of law and judgment sustaining the right to recover in the sum of $2,000. From this judgment, the defendants appeal. The respondent is an attorney at law practicing his profession at Seattle, Washington. The appellant, W. I. Graves, is the guardian of the person and estate of Clifford Graves, a minor. On or about October 30, 1915, the father, mother and a brother of Clifford Graves were injured in a railway accident at or near Sand Point, Idaho. All of them died as a result of such injury. The parents of Clifford Graves, prior to their decease, were residents of the city of Seattle. On November 8, 1915, W. I. Graves, in King county, Washington, was duly and regularly appointed guardian *ad litem* for Clifford Graves for the purpose of prosecuting an action or actions against the Northern Pacific Railway Company. On the day following, he was appointed special administrator of the estate of Minor Graves and Clara Graves, the deceased parents of Clifford Graves. On the 10th day of November, W. I. Graves, in his own behalf and as guardian *ad litem* for Clifford Graves, a minor, and special administrator of the estates of Minor Graves and Clara Graves, deceased, entered into a written contract with the respondent by which he was employed to prosecute an action against the railway company. The fee which the respondent was to receive by this contract was to be contingent upon a recovery or

a settlement. Subsequently Graves was appointed guardian of the person and estate of Clifford Graves, a minor, in King county, Washington.

Prior to the time that the respondent had instituted an action which was contemplated by the contract, the maternal grandfather, residing at Portland, began an action, as guardian *ad litem,* in the state of Idaho for the purpose of recovering from the railroad company damages for the death of Clifford Graves' parents. In this action the maternal grandfather was represented by attorneys other than the respondent. After the action had been begun, W. I. Graves, being represented by the respondent, was appointed, in the state of Idaho, guardian of the person and estate of Clifford Graves, a minor, and in this capacity filed a petition in the action then pending in the state of Idaho, asking that he be substituted as party plaintiff and that the respondent be substituted as an attorney in the action. While this petition was pending and before it had been determined, W. I. Graves discharged the respondent and refused to permit him to proceed further under the contract. The action in the state of Idaho proceeded to trial and judgment. After the respondent had been discharged, W. I. Graves, the guardian, consented that the petition which he had filed in the action should be dismissed. The amount of recovery in the Idaho action was $12,000. The contract sued upon in this case provided that, in the event of recovery in an action, respondent was to be entitled to fifty per cent of the judgment. This action was instituted for the purpose of recovery upon the contract.

The respondent claims that, after W. I. Graves was appointed guardian of the person and estate of Clifford Graves for the state of Washington, he, in that capacity, ratified the contract. It will be assumed,

but not decided, that the contract was a valid one. The contract in this case being for a contingent fee and the respondent being discharged or prevented from rendering the services which he had contracted to perform, the first question that arises is, What is the correct measure of damages in such a case? The rule is that, where the compensation of an attorney is to be paid to him contingently on the successful prosecution of a suit and he is discharged or prevented from performing the service, the measure of damages is not the contingent fee agreed upon, but reasonable compensation for the services actually rendered. 6 Corpus Juris 725; *Pratt v. Kerns,* 123 Ill. App. 86; *Joseph's Adm'r v. Lapp's Adm'r,* 25 Ky. Law 1875, 78 S. W. 1119; *Western Union Tel. Co. v. Semmes,* 73 Md. 9, 20 Atl. 127; *Harris v. Root,* 28 Mont. 159, 72 Pac. 429; *French v. Cunningham,* 149 Ind. 632, 49 N. E. 797.

In the last case cited it was said:

"If the compensation agreed upon is contingent on the successful result of the suit, the measure of damages is not the contingent fee but the reasonable value of the services rendered."

From this it follows that there can be no recovery in this case in the absence of evidence showing what was the reasonable value of the services rendered by the respondent under the contract up to the time he was discharged or prevented from further proceeding in the case. As we understand it, the theory of the action, as made by the pleadings and as tried in the superior court, was a claimed right of recovery under the contract; the respondent being satisfied to waive the full amount to which he would be entitled under the language of the contract and accept a judgment, as stated in the complaint, for $3,000, and as stated upon the trial, for $2,000. No evidence was offered

or received for the purpose of proving what was the reasonable value of the services rendered by the respondent up to the time he was discharged. This being true, there is nothing on which to base a recovery. Over the objection of the appellants, there was introduced certain items of expenditures by the respondent during the time he was proceeding under the employment. Whether any of these items could be recovered, it is not necessary here to determine. They were offered only for the purpose of showing what had been done under the contract, and as stated by the attorney for the respondent upon the trial, "we are not seeking to collect these as special damages." This case differs from *Schultheis v. Nash,* 27 Wash. 250, 67 Pac. 707, in that there the services for which the attorneys had been employed were substantially, if not entirely, completed at the time of the discharge or attempted discharge.

There being no evidence by which the reasonable value of the services rendered by the respondent prior to his discharge can be determined, there is no alternative but to reverse the judgment and remand the cause to the superior court with direction to dismiss the action. It is so ordered.

HOLCOMB, C. J., PARKER, TOLMAN, and MITCHELL, JJ., concur.