[No. 23229. Department One. January 26, 1932.]

FRANCIS G. CAVERS *et al., Appellants,* v. THE OLD
NATIONAL BANK AND UNION TRUST COMPANY,
*as Executor, et al., Respondents.*[1]

*M. E. Mack* and *Frank C. Trunk,* for appellants.

*L. H. Brown, Cannon, McKevitt & Fraser,* and
*Hamblen & Gilbert,* for respondents.

PARKER, J.—The plaintiffs, Francis G. Cavers and
his associate, commenced this action in the superior
court for Spokane county, seeking recovery of com-
pensation for services alleged to have been rendered
by them as attorneys for the defendant Luther Giles
in a damage action in that court, wherein he was plain-
tiff and Mitchell Langworthy was defendant. Lang-
worthy died after the commencement of this action,
and thereafter The Old National Bank and Union Trust
Company, the executor of his estate, was substituted in
his place as a defendant.

The plaintiffs' claim of recovery in this action, as
we understand them, is rested upon the theory that
they have an attorneys' lien upon the fruits of that

[1]Reported in 7 P. (2d) 23.

action, consisting of two thousand dollars paid by Langworthy to Giles in settlement thereof without that action proceeding to trial; and that Langworthy, having notice of the plaintiffs' claim of lien upon the fruits of that action, paid that sum in settlement thereof direct to Giles instead of into court, where it would have been held pending the determination of the plaintiffs' lien claim, thus rendering Langworthy and his estate, as well as Giles, liable to the plaintiffs for the amount of their lien claim.

This action proceeded to trial in the superior court, sitting without a jury, and resulted in findings and judgment denying to the plaintiffs any recovery, from which they have appealed to this court.

The plaintiffs alleged in their complaint and both testified upon the trial in this action, in substance, that, on November 16, 1928, it was orally agreed between them and Giles that, as a contingent fee for their services to be rendered him as his attorneys in seeking recovery of damages from Langworthy, they should receive one-half of any recovery secured by them for Giles from Langworthy, either by prosecuting an action to final judgment against Langworthy or by settlement with him out of court. Giles testified to the contrary as to his agreeing to a contingent fee of one-half of a recovery for their services. However, we shall assume, as the trial judge seems to have assumed, though he did not expressly so find, that a contingent fee agreement was made substantially as alleged and testified to by the plaintiffs.

On November 16, 1928, the plaintiffs prepared and Giles verified a complaint for the commencement of that contemplated action, which complaint, together with a summons, was soon thereafter served upon Langworthy, commencing that action. Thereafter, negotiations were had between Cavers as attorney for

Giles and E. J. Cannon as .attorney for Langworthy, looking to a compromise and settlement of that action, resulting, on or about March 2, 1929, in Cannon's offering, for Langworthy, to pay two thousand dollars in full settlement of the damage claim of Giles. That offer was not accepted, and was withdrawn. Giles soon thereafter became much dissatisfied with Cavers' actions as his attorney, particularly with Cavers' actions in connection with that offer of settlement, Cavers being so advised.

Thereafter, on March 14, 1929, Cavers and his associate served upon Cannon, as attorney for Langworthy, notice of their claim of attorneys' lien for their services rendered to Giles, upon all moneys owing or to become owing from Langworthy to Giles, either by judgment or settlement of that action; claiming such lien in an amount equal to fifty per cent of all moneys so owing or to become owing from Langworthy to Giles. Soon thereafter, that notice of lien was filed in that action.

Thereafter, on April 4, 1929, Giles discharged Cavers and his associate from their employment as his attorneys in that action, and employed L. H. Brown as his attorney in that action. On April 5, 1929, Brown, as attorney for Giles, moved for and caused the superior court to dismiss that action, a formal order being then by the court entered accordingly. Some two weeks thereafter, Giles' damage claim against Langworthy was compromised and settled by Langworthy paying to Giles two thousand dollars in full settlement of his damage claim. This was done through negotiations between Cannon and Brown, as attorneys for the respective parties.

Thereafter, on April 18, 1929, this action was commenced by Cavers and his associate against Langworthy and Giles, which was tried with the result we

have above noticed. No proof of the value of services rendered by Cavers and his associate to Giles in his action against Langworthy was offered or produced upon the trial of this action.

So we have here these outstanding controlling facts, as we view this controversy: (1) The contingent fee contract by the terms of which Cavers and his associate were to render services to Giles; (2) their discharge by Giles before trial or settlement of the action they commenced for Giles against Langworthy; and (3) no proof of the value of any services rendered by them to Giles.

■■■ . It has become the settled law of this state, as expressed in our opinion in *Ramey v. Graves,* 112 Wash. 88, 191 Pac. 801, that,

" . . . where the compensation of an attorney is to be paid to him contingently on the successful prosecution of a suit and he is discharged or prevented from performing the service, the measure of damages is not the contingent fee agreed upon, but reasonable compensation for the services actually rendered. 6 Corpus Juris 725; *Pratt v. Kerns,* 123 Ill. App. 86; *Joseph's Adm'r v. Lapp's Adm'r,* 25 Ky. Law 1875, 78 S. W. 1119; *Western Union Tel. Co. v. Semmes,* 73 Md. 9, 20 Atl. 127; *Harris v. Root,* 28 Mont. 159, 72 Pac. 429; *French v. Cunningham,* 149 Ind. 632, 49 N. E. 797."

In our later decision of *Wright v. Johanson,* 132 Wash. 682, 233 Pac. 16, this view of the law was adhered to, where some additional authorities of the same import were noticed. This is not a case of a pretended discharge of an attorney after completing or substantially completing the rendering of his services in the particular cause for which he was employed.

So we conclude that, under the circumstances here appearing, Cavers and his associate are entitled to no more than the reasonable value of services which they

may have performed for Giles in seeking recovery of damages from Langworthy; and, there being no proof whatever of the reasonable value of any such services, Cavers and his associate cannot recover any sum from Giles. It follows, as a matter of course, that they cannot recover any sum from Langworthy's estate. We find it unnecessary to notice other contentions made in behalf of the respective parties.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and BEELER, JJ., concur.