[No. 26102. *En Banc.* October 29, 1936.]

ROBERT D. HAMLIN, *Appellant,* v. CASE & CASE, INC., *et al., Respondents.*[1]

*Robert D. Hamlin* and *Peter Balkema,* for appellant.
*Edgar S. Hadley* and *Eugene F. Hooper,* for respondents.

HOLCOMB, J.—This appeal is from a judgment in the lower court denying appellant any recovery after a trial to the court without a jury.

[1]Reported in 61 P. (2d) 1287.

Appellant is a lawyer practicing in Seattle. He was consulted by respondent Munske respecting the collection of, or security for, a claim against respondent Case & Case, Inc., a corporation. Respondent Munske employed appellant under a contract dated August 3, 1935, the material portions of which are that, after reciting that Munske had a valid claim against the corporation for unpaid wages and cash loaned in the total sum of $1,648, he agreed to employ appellant and empowered him to perform such services for and on behalf of Munske and to do all things deemed necessary, advisable, or appropriate, in the opinion of appellant, to collect the claim, whether by an action or other legal proceedings. The contract then stipulated:

"As compensation for the professional services of the attorney, the client forthwith pays the sum of $1.00 in cash and agrees to pay the further sum of money equal to one-third of any money or property paid, received, collected or had by action, compromise or otherwise, upon account of said claim or in satisfaction of any judgment recovered by the client for the same as incident to or as a result of or connected with the said services of the said attorney.

"The client will advance all necessary fees and costs of suit such as clerk's fees, auditor's fees, sheriff's fees, court reporter charges for trial or deposition work, travelling expenses of the attorney, if deemed necessary by him, and all other costs and expenses incident to or connected with the performance of professional services by the said attorney on behalf of said client in an effort to realize on the claim of the said client.

"And in consideration of services rendered and to be rendered by the said attorney for the said client, the said client does hereby sell, assign and transfer over unto the said attorney a one-third interest, share and portion in his said claim of $1,648 against the said corporation, and does authorize and empower the said attorney to take such steps and proceedings as he may deem fit to collect the said share so assigned.

"This contract is coupled with an interest in the sub-. ject-matter thereof and shall be irrevocable in so far as it may lawfully be such and the discharge or attempted discharge, of the attorney or the sale, assignment, transfer or encumbrance of the claim of the client or his right of recovery or the proceeds thereof or any judgment thereon, whether resulting from the services of the attorney or not, shall not affect or destroy his right and interest in the portion hereby assigned."

The contract then prescribed that both parties would use their best efforts to further the interests of the contract in obtaining the evidence of witnesses and securing collection of the claim, and in the event suit be necessary, Munske agreed to pay all costs of court and a reasonable attorney's fee to be put in the judgment therein.

In his complaint, appellant alleges that Case & Case, Inc., a corporation, was indebted to Munske in the sum of $1,674, plus interest at the legal rate; that Munske assigned one-third of his interest in the debt to appellant, retaining the other two-thirds interest, and that the assignor refused to join in the suit and was made a defendant so that all parties might be before the court, and that there was due appellant from the corporation $624.28, with interest, no part of which had been paid.

Appellant began this action in his own name against the corporation on the assigned portion of the claim from Munske to him. No recovery is asked by appellant against his former client, Munske.

After issue was joined by separate answers to the complaint on behalf of each respondent alleging the discharge of appellant, the trial court, on motion of respondents, dismissed the action stating that "appellant had failed to prove his cause of action as he had not shown that anything can be recovered even on a judgment."

It will be noted that the contract provides that the client should forthwith pay one dollar in cash and

" . . . pay the further sum of money equal to one-third of any money or property paid, received, collected, or had by action, compromise, or otherwise, upon account of the claim or in satisfaction of any judgment recovered by the client"

for the same.

We have carefully read the statement. Appellant did not himself testify, but made his case by examination of Mrs. J. M. Case, a former bookkeeper of the company, and respondent Munske. There is positively no testimony in the record that $1,648 can be collected, even by judgment. The testimony of Mrs. Case indicates that none can ever be.

Appellant contends, however, that, by the contract, he is the present owner of one-third interest in the claim, notwithstanding the discharge by Munske, and that he is entitled to maintain this action as assignee of that one-third interest and to recover against respondent Case & Case, Inc., a corporation, now. The fallacy in that position is that his contract is for a contingent fee. He must first succeed in creating the fund for his client upon which the assignment will operate until satisfied. That, he has not done and has shown no certainty of creating it.

Appellant concedes that, in this state, a client has a right to discharge his attorney at any time without cause, and that the ordinary rule is that, in contracts for employment of an attorney upon the payment of a contingent fee, the attorney is relegated to the remedy of a judgment against his client upon a *quantum meruit* for the services rendered up to the time of the unlawful discharge.

Appellant argues that the rule heretofore enforced in this state as above stated should be reexamined, and

modified or overruled in conformity with what he declares is a rule more in harmony with the rights of an attorney as declared in *Kelloff v. Winchell,* 273 Fed. 745, 16 A. L. R. 1159, and cases therein cited. In the first place, that case was decided by a minor Federal appellate court (District of Columbia court of appeals). In the next place, the contract of employment, as set out in the opinion, is somewhat vague and uncertain. Lastly, it is contrary to the general rule and that which has prevailed here for many years. Hence, it is not authoritative here.

It is true that, under our statute, Rem. Rev. Stat., § 474 [P. C. § 7456], the mode and measure of compensation of an attorney may be made by an agreement of the parties. Hence, there is nothing unlawful or unethical about contingent fees in this state, and, when fairly and freely arrived at, they have been approved by this court. *Beck v. Boucher,* 114 Wash. 574, 195 Pac. 996.

■ Appellant further contends, however, that, under an assignment coupled with an interest, he has the right to enforce his contract.

The rule is general here, and elsewhere, that, where the compensation of an attorney is to be paid to him contingently on the successful prosecution of a suit and he is discharged or prevented from performing the service, the measure of damages is not the contingent fee agreed upon, but reasonable compensation for the services rendered, and

"If the compensation agreed upon is contingent on the successful result of the suit, the measure of damages is not the contingent fee but the reasonable value of the services rendered." *Ramey v. Graves,* 112 Wash. 88, 191 Pac. 801, citing many cases.

In the above case, we also said, which applies here:

"There being no evidence by which the reasonable value of the services rendered by the respondent prior

to his discharge can be determined, there is no alternative but to reverse the judgment and remand the cause to the superior court with direction to dismiss the action. It is so ordered.''

This court has also reaffirmed the same principle announced in the *Ramey* case, *supra,* in *Wright v. Johanson,* 132 Wash. 682, 233 Pac. 16, and *Cavers v. Old Nat. Bank & Union Trust Co.,* 166 Wash. 449, 7 P. (2d) 23.

A power coupled with an interest must be an interest in the thing itself, and the power must be ingrafted on an estate in the thing, and power and interest must be united in the same person. An attorney does not, by virtue of employment contract providing for compensation by payment of one-half of net recovery of money and property obtained, acquire such interest in subject of agency or subject matter of the action as to prevent the client from revoking his employment as attorney in the proceeding. *Scott v. Superior Court,* 205 Cal. 525, 271 Pac. 906.

To the same effect are the following cases from the California supreme court, which cite several cases from other jurisdictions: *Todd v. Superior Court,* 181 Cal. 406, 184 Pac. 684, 7 A. L. R. 938; *Kelly v. Smith,* 204 Cal. 496, 268 Pac. 1057; and *O'Connell v. Superior Court,* 2 Cal. (2d) 418, 41 P. (2d) 334. See, also, 21 R. C. L. 824.

Appellant further complains of the judgment of the trial court dismissing his action with prejudice. The record shows that the trial court had said nothing about dismissing the action with prejudice in announcing his ruling. The trial court manifestly intended to dismiss the action without findings and conclusions, but appellant himself drew and requested the findings and conclusions, as shown by the notations thereon. The judgment also was presented by appellant himself

156

and adjudges that the action is dismissed with prejudice. Even if that be erroneous, which it was not under our decision in the *Ramey* case, *supra,* neither the trial court nor respondents were at fault in this matter, and appellant is now without recourse.

The judgment is affirmed.

ALL CONCUR.