SHANNON, Acting Chief Judge.
This is an appeal by a plaintiff from a summary judgment entered for the defendants in a suit to set aside a deed.
The plaintiff is the administrator of the estate of Lillian G. Perldns. The complaint, which was accompanied by substantiating exhibits, alleged that the defendant had received a deed from the deceased, Lillian G. Perkins, which deed was executed and delivered to the defendant, J. Irvin Walden, just two months prior to her death, without consideration and while a fiduciary relationship existed between the decedent and Walden, who was her attorney. Mrs. Walden was joined as a party defendant, on the ground that she now claimed an interest in the property by virtue of her status as Irvin Walden’s wife.
The defendants moved for summary judgment, in support of which they filed a deposition taken of the plaintiff. The general tenor of the deposition was that the plaintiff-administrator had no knowledge of any of the circumstances surrounding the transaction.
Summary judgment was granted for defendants in an order stating that plaintiff had failed to produce any form of proof to show or hint of any irregularity of conduct on Walden’s part. The court stated the following:
“While it is true that, when the proper circumstances are shown, one standing in a fiduciary relationship is required to go forward with evidence to show that a transaction between he and his client is free of taint, the Court feels that something must be shown other than the relationship and the instrument in order to put the burden upon the fiduciary to proceed.”
We feel that the lower court erred in this evaluation of the law and we reverse. It is our understanding that the *519 situation presented here casts the burden upon the attorney to come forward with evidence to rebut the presumption of unfair advantage which arises in cases of this type.
In Bolles v. O’Brien, 1912, 63 Fla. 342, 59 So. 133, a leading case on this subject, the Florida Supreme Court stated:
,r * * * To sustain a transaction of advantage to himself with his client, the attorney has the burden of showing, not only that he used no undue influence, but that he gave his client all the information and advice which it would have been his duty to give if he himself had not been interested, and that the transaction was as beneficial to the client as it would have been had the client dealt with a stranger. * * *
“Independent of all fraud, if an attorney shall take what is in substance a gift from his client, while the relation subsists, though the transaction may be, not only free from fraud, but entirely moral in its nature, the law casts upon the attorney the burden of showing that the transaction was voluntary and fair on the part of the client, and that he acted with full warning and perfect knowledge of the consequences of his act. Contracts between attorney and client, when not entirely equitable and fair, may be voidable at the election of the client. The whole burden of establishing by clear and convincing evidence the fairness of an agreement purporting to convey a property right from a client to his attorney, and that it was made upon full and adequate consideration, is cast upon the attorney. * * * ” Id. at 346, 347, 59 So. at 134.
In Gerlach v. Donnelly, Fla.1957, 98 So. 2d 493, 498, we find the following language :
“ * * * It is an ancient and firmly established principle of the law that the burden is placed upon an attorney to establish by clear and convincing evidence the fairness of an agreement or transaction purporting to convey a property right from a client to his attorney. Moreover, the burden is cast upon the attorney in transactions of this kind to establish that such was made upon full and adequate consideration. * * * ”
Similar pronouncements are found in Crane v. Stulz, Fla.App.1961, 136 So.2d 238, 241, and Deal v. Migoski, Fla.App.1960, 122 So.2d 415.
 From the record in this case, we find no evidence that the attorney-defendant has carried the burden which the law places upon him. Therefore, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
LILES and PIERCE, JJ., concur.