PER CURIAM.
The order appealed here is entitled “Order On All Pending Motions.” The initial portion of this order provides as follows:
“THIS CAUSE came on to be heard, after due notice, on the ‘Husband’s Motion to Dismiss Wife’s Motion for Relief from Final Judgment and/or in the Alternative, for More Definite Statement’, the husband’s ‘Motion to Remove Exhibits’ and the husband’s ‘Contempt Motion and Notice of Hearing’ re: the execution of deeds as provided in paragraphs 3 and 4 of the Final Judgment and the tax matters contained in paragraph 7 of the Final Judgment; and at said hearing the parties each personally appeared, the wife, however, remaining in the Court’s ante-chamber claiming that she was nauseous; the husband’s attorney of record, Irving B. Levenson of the law firm of Sibley, Giblin, Levenson & Ward, and the wife’s attorney of record, Daniel Neal Heller; and H. Lee Bauman, associate of Ellis Rubin, the wife’s attorney who the Court finds does not have standing to appear, having failed to submit and have entered an order on his motion for substitution of counsel filed at the time of the hearing conducted in this cause on April 28, 1975, which was orally granted, conditioned upon Mr. Heller being paid as heretofore agreed, as evidenced by the record in this case, that is, by a mortgage on the home which is to become solely the property of the wife after conveyance to her of the husband’s half interest therein, as provided in paragraph 3 of the Final Judgment; . . .” (Emphasis added)
* * * % ‡ *
One of the things decided by the order is a denial of the wife’s motion for relief from final judgment filed pursuant to RCP 1.-540.
The thrust of the appeal is that the court may not deprive the wife of the right to have an attorney on a rule 1.540 motion because she has not paid the attorney who handled her initial cause. We hold that access to the courts may nob be conditioned upon actual payment to one’s attorney in a prior litigation. The extent to which a change of lawyers in pending litigation can be conditioned upon a security of the rights of the prior lawyer is governed by RCP 1.030(e). In representing a client, an attorney acts pursuant to a contract for personal services and, therefore, may be discharged by the client at any time with or without cause. See 610 Lincoln Road, Inc. v. Kelner, Fla.App. 1974, 289 So.2d 12. Therefore, the trial judge was in error in holding that the wife’s attorney had no standing to appear and, having so determined, was in error in proceeding to a final determination of that motion. Therefore, the order appealed is reversed insofar as it rules upon the motion for relief from final judgment, and the cause is remanded for further proceedings thereon.
Reversed and remanded.
HENDRY, J., dissents.