PER CURIAM.
The city employed the appellees to prosecute a certain cause of action relating to a parcel of real property. City of Miami v. St. Joe Paper Company, 347 So.2d 622 (Fla. 3d DCA 1977); City of Miami v. St. Joe Paper Company, 364 So.2d 439 (Fla.1978); City of Miami v. St. Joe Paper Company, 441 U.S. 939, 99 S.Ct. 2153, 60 L.Ed.2d 1040 (1979).
Before the matter was concluded the city exercised the right to terminate the relationship as a policy matter in the best interests of the city. The contract of employment in this regard, read in part as follows:
If the firm of PETTIGREW & BAILEY is not proceeding in the best interest of the City of Miami, the City may cancel the contract, reimbursing PETTIGREW & BAILEY for its work done until the point of cancellation.
Subsequent to the dismissal of the suit then pending in the U.S. Supreme Court,[1] the city refused to pay any fees. An action was instituted by the appellees to collect same and a summary judgment on liability *607 was entered in favor of the appellees. The appeal ensued. We affirm.
When the city, as a policy matter, elected to terminate the services of the counsel in the city’s “best interest” in accordance with the contract, they assumed the responsibility to pay a reasonable fee for services rendered in accordance with the same provisions of the employment agreement. City National Bank of Miami v. Citibank, N.A., 373 So.2d 703 (Fla. 3d DCA 1979).
Therefore the summary judgment on liability be and the same is hereby affirmed.

. The case was on rehearing, and therefore was still pending. See Southern Title Research Co. v. King, 186 So.2d 539 (Fla. 3d DCA 1966); Knights of the Ku Klux Klan Realm of Louisiana v. East Baton Rouge Parish School Board, 679 F.2d 64 (5th Cir.1982); 1 C.J.S., Actions § 142.