L. Michael OSMAN, Plaintiff-Appellant,

v.

HIALEAH HOUSING AUTHORITY, a
Municipal Housing Authority,
Defendant-Appellee.

No. 85–5365
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 8, 1986.

Jepeway & Jepeway, P.A., Louis M. Jepeway, Jr., Miami, Fla., for plaintiff-appellant.

S. Michael Levin, Miami, Fla., for defendant-appellee.

Before RONEY and HATCHETT, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

Plaintiff Michael Osman, an attorney, appeals an order of the district court granting defendant Hialeah Housing Authority a partial summary judgment dismissing Osman's 42 U.S.C.A. § 1983 claim for unconstitutional employment termination, and remanding the nonfederal claims to state court. We affirm. Under Florida law as it relates to attorneys and their clients, Osman had no property interest in continued employment as legal counsel for the defendant.

Under a written contract between Osman and the Housing Authority, Osman was retained as the Authority's part-time attorney for a three-year period. The contract was to be governed by Florida law, but made no provision for terminating the contract. Less than six months into the contract, the Housing Authority terminated the contract, allegedly on the ground that Osman had provided "bad advice."

Osman asserted a federal cause of action under 42 U.S.C.A. § 1983, alleging that he had been deprived of a property interest without due process of law because appellee failed to provide a pretermination hearing.

The district court correctly concluded that Osman did not have a constitutionally protected property interest under Florida law. Whether a public employee has a property interest in continuing employment is determined by reference to state law. *See Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). Under Florida case law the personal and confidential nature of the attorney-client relationship means that a client has the right to discharge his attorney either with or without cause. *Goodkind v. Wolkowsky,* 132 Fla. 63, 180 So. 538 (1938); *Tirone v. Tirone,* 327 So.2d 801 (Fla. 3d DCA

1976). The right to discharge one's counsel is absolute and is not modified by a written agreement. *Adams v. Fisher*, 390 So.2d 1248 (Fla. 1st DCA 1980). Implied in every contract of legal employment is the right of the client to terminate the agreement at will. *Sohn v. Brockington*, 371 So.2d 1089 (Fla. 1st DCA 1979), *cert. denied*, 383 So.2d 1202 (Fla.1980); *Levin v. Rosenberg*, 372 So.2d 956 (Fla. 3d DCA 1979), *aff'd*, 409 So.2d 1016 (Fla.1982). Although Osman points out that most of the decided cases involved a private, rather than a public, client, there is no arguable reason why the rule would not apply equally to contracts between an attorney and a public body. *See City of Miami v. Bailey & Dawes*, 423 So.2d 606 (Fla. 3d DCA 1982). The personal nature of the attorney-client relationship is the same in both instances.

That Osman may have a state cause of action for breach of contract does not mean that he has a property interest of constitutional dimensions.

We note that the sole relevant federal case cited by Osman is from the Ninth Circuit. *Jordan v. City of Lake Oswego*, 734 F.2d 1374 (9th Cir.1984). The court there held for the city's full-time attorney in a case involving his discharge. We cannot tell whether that case is in conflict with the holding here. No rationale is set forth for the holding that the attorney there had a constitutionally protected property interest in his employment. That case involved Oregon law. There is no indication that Oregon and Florida law are the same on this controlling point.

Appellant has conceded the other issues on appeal.

AFFIRMED.