# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

BRICE FRILLICI, individually,

Appellant,

v.

GORDON FASBENDER and JANE DOE
FASBENDER, as husband and wife,
including their marital community,

Respondents.

No. 88564-2-1

DIVISION ONE

UNPUBLISHED OPINION

FELDMAN, J. — Brice Frillici, proceeding pro se, appeals from an order granting a motion for summary adjudication regarding the validity of an attorney lien asserted by his former counsel, Tyler Firkins of Van Siclen Stocks & Firkins (the Van Siclen firm). Finding no error, we affirm and award Firkins reasonable attorney fees on appeal.[1]

I

Frillici hired Firkins to represent him regarding a September 1, 2022 motor vehicle accident involving Gordon Fasbender (the defendant below). Frillici and

---

[1] Frillici's notice of appeal also designates the trial court's order denying his motion for reconsideration as a decision he wants reviewed under RAP 5.3(a), but he does not assign error to the ruling and presents no argument that the trial court erred in so ruling as required by RAP 10.3(a)(4) and (6). Any such argument is therefore waived. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Firkins executed a fee agreement that provided for a contingency fee of one-third of the gross recovery plus costs incurred. The Van Siclen firm then obtained Frillici's medical records, drafted a demand letter, and sent it to Fasbender's insurer, Allstate Insurance Company. After Frillici rejected Allstate's initial settlement offers of $12,000 and $18,000, Firkins filed a lawsuit against Fasbender. Thereafter, Allstate offered policy limits of $25,000. The next day, March 14, 2025, Frillici fired Firkins and demanded a copy of his file. He then sent his own demand letter to Allstate on April 7 and settled the matter for $25,000 later that month.

Upon being fired, Firkins notified Frillici by e-mail that he had "done all that was required to achieve a settlement of policy limits," that "a reasonable fee is a 1/3 contingent fee plus costs," and that he would "file a lien for that amount." Firkins thereafter filed in the trial court a notice of claim of lien for legal services pursuant to chapter 60.40 RCW.[2] A few weeks later, Firkins filed a motion for summary adjudication of attorney lien seeking to establish the validity of the lien for the contingency fee of $8,333.33 (one third of $25,000) plus costs totaling $946.89 for a total lien amount of $9,280.22. Frillici filed a response to the motion asserting, among other things, that the Van Siclen firm had not substantially performed under the terms of the fee agreement.

On August 11, 2025, the trial court granted Firkins' motion. The court ruled:

> ORDERED, ADJUDGED AND DECREED that the above-referenced motion for summary adjudication of attorney lien is GRANTED.

---

[2] As applicable case law permits, Firkins filed the notice in the action in which he represented Frillici rather than commencing a separate action. *See King County v. Seawest Inv. Associates, LLC*, 141 Wn. App. 304, 314, 170 P.3d 53 (2007).

There are no material issues of fact as to the validity of the lien asserted by Van Siclen Stocks & Firkins. It is further

ORDERED, ADJUDGED AND DECREED that the attorneys' fees and costs in this case sought by Van Siclen Stocks and Firkins are reasonable pursuant to RPC 1.5 and the parties' retainer agreement. It is further,

ORDERED, ADJUDGED AND DECREED that Allstate shall remit payment of $9,280.00 into the registry of the Court. Van Siclen, Stocks & Firkins may thereafter seek disbursement by filing an appropriate motion with this Court.

Frillici filed a motion for reconsideration, which the trial court denied. This timely appeal followed.

II

Frillici argues the trial court erred in granting Firkins' motion for summary adjudication. We disagree.

Attorney liens are governed by chapter 60.40 RCW. Relevant here, RCW 60.40.010(1)(d) provides:

An attorney has a lien for his or her compensation, whether specially agreed upon or implied, as hereinafter provided: Upon an action, including one pursued by arbitration or mediation, and its proceeds after the commencement thereof to the extent of the value of any services performed by the attorney in the action, or if the services were rendered under a special agreement, for the sum due under such agreement.

RCW 60.40.030, entitled "Procedure when lien is claimed," authorizes courts to "summarily . . . inquire into the facts on which the claim of a lien is founded, and determine the same." The trial court did that here, and Frillici has not established procedural error.[3]

---

[3] Although Firkins' brief of respondent indicates the trial court held a hearing on June 13, 2025 to adjudicate the attorney lien, Frillici did not provide a copy of the report of proceedings for that hearing so we are unable to consider any related arguments. *See Nelson v. Schubert*, 98 Wn.

Nor did the trial court err, substantively, in granting Firkins' motion. Although an attorney who is discharged before full performance under a contingency fee contract is generally not entitled to the contingency fee,[4] "Washington courts recognize an exception when the attorney is discharged after substantially performing his or her duties." *Forbes v. Am. Bldg. Maint. Co. W.*, 148 Wn. App. 273, 288-89, 198 P.3d 1042 (2009), aff'd in part, rev'd in part, 170 Wn.2d 157, 240 P.3d 790 (2010) (citing *Taylor v. Shigaki*, 84 Wn. App. 723, 728-29, 930 P.2d 340 (1997)). "This exception prevents clients from firing their attorneys immediately before the contingency occurs to avoid paying a contingency fee." *Taylor*, 84 Wn. App at 728-29. As we explained in *Barrett v. Freise*, 119 Wn. App. 823, 846, 82 P.3d 1179 (2003), "[t]o permit a client to terminate a lawyer after substantial performance but before a settlement offer is accepted and money received would eviscerate the usefulness of contingency fee contracts."

Substantial performance occurs when "the attorney's efforts make a settlement 'practically certain,' even if the settlement is consummated after the client fires the attorney." *Id.* (quoting *Taylor,* 84 Wn. App. at 729). The doctrine of substantial performance is applied in contingency fee cases "where only 'minor and relatively unimportant deviations' remain to accomplish full contractual performance." *Taylor,* 84 Wn. App. at 729 (quoting 17A AM. JUR. 2D *Contracts* § 634 (1991)). "The determination of substantial performance is a question of fact, and we will reverse only if there is no substantial evidence to support the trial

---

App. 754, 764, 994 P.2d 225 (2000) ("Schubert has the burden of presenting an adequate record, and bears the consequences of our inability to conduct a full review, which is rejection of his challenge.").

[4] *See Ramey v. Graves,* 112 Wn. 88, 91, 191 P. 801 (1920).

court's conclusion." *Id.* at 728. In *Taylor*, for example, the court found substantial performance where there was evidence the terminated attorney was responsible for completing discovery, establishing liability, and pressuring the insurance company to pay policy limits. *Id.* at 729.

Here too, substantial evidence supports the trial court's conclusion regarding the validity of the lien. Similar to *Taylor*, the record before the trial court establishes that the Van Siclen firm was responsible for preparing a detailed demand letter, negotiating with Allstate, filing a complaint against Fasbender, pressuring Allstate to offer policy limits, requesting proof of policy limits, and communicating this information to Frillici. Although the firm had not yet received the policy's declarations page to confirm policy limits and Frillici had not yet signed a settlement agreement, much the same was true in *Taylor* where a final settlement meeting remained and the settlement agreement was not yet signed. *Id*. Because the evidence establishes that the Van Siclen firm substantially performed its contingency fee contract when its efforts produced a policy limits settlement offer, the trial court did not err in granting Firkins' motion for summary adjudication.

Frillici's contrary arguments easily fail. Frillici argues the trial court did not consider relevant facts due to "misrouting of filings and procedural irregularities." To the contrary, the trial court reviewed Frillici's motion to strike attorney lien, which asserted "the contingency fee was never earned," "the lien is excessive," the Van Siclen firm failed to communicate effectively, and there was a "lack of substantial contribution" by Firkins and his firm. Frillici's additional filings were not considered

by the trial court due to his failure to note them correctly as required by King County Local Rules. In any event, the arguments in those submissions are largely duplicative of the arguments in Frillici's motion to strike, and the submissions in some cases were filed months after the motion for summary adjudication was granted and this appeal was initiated.

Primarily relying on *Ross v. Scannell,* 97 Wn.2d 598, 647 P.2d 1004 (1982), Frillici also argues that any recovery Firkins is entitled to should be based on quantum meruit[5] rather than calculated as a contingency fee per the parties' fee agreement. Frillici's reliance on *Ross* is misplaced. The court there recognized that the general rule of quantum meruit recovery in attorney fee disputes "does not necessarily foreclose recovery of fees pursuant to a contingency fee contract if an attorney substantially performs the contingency." *Id.* at 609. It then held that "the instant case does not present such a situation." *Id.* Here, unlike in *Ross,* Firkins and his firm substantially performed prior to being terminated as counsel. Thus, this case presents the precise circumstance, acknowledged in *Ross,* in which recovery based on an agreed contingency fee is warranted. Frillici's contrary arguments are unpersuasive.[6]

---

[5] Quantum meruit "is the method of recovering the reasonable value of services provided under a contract implied in fact." *Young v. Young*, 164 Wn.2d 477, 485, 191 P.3d 1258 (2008).

[6] Moreover, although quantum meruit is not necessarily calculated based on the lodestar method (reasonable hours multiplied by reasonable rates), *see Ausler v. Ramsey*, 73 Wn. App. 231, 238 n.6, 868 P.2d 877 (1994), several witnesses opined that the hours spent on the matter and the rates charged by the Van Siclen firm were reasonable, and Frillici did not submit contrary evidence. Thus, any alleged error in this regard may have been beneficial (and in that sense harmless) to Frillici.

III

Lastly, Firkins requests attorney fees on appeal on several grounds including RCW 4.84.290, which governs attorney fee awards to prevailing parties in damage actions of $10,000 or less. The damages at issue in this case are less than $10,000. RCW 4.84.290 provides, "if the prevailing party on appeal would be entitled to attorneys' fees under the provisions of RCW 4.84.250, the court deciding the appeal shall allow to the prevailing party such additional amount as the court shall adjudge reasonable as attorneys' fees for the appeal." RCW 4.84.250, in turn, provides:

> Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is seven thousand five hundred dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees. After July 1, 1985, the maximum amount of the pleading under this section shall be ten thousand dollars.

As the prevailing party, Firkins is entitled under RCW 4.84.290 to reasonable attorney fees on appeal subject to compliance with RAP 18.1(d).

Feldman, J.

WE CONCUR:

Bui, J.                          Díaz, J.

- 7 -