[Civ. No. 26209. First Dist., Div. One. Dec. 19, 1969.]

JOSEPH A. BROWN, Plaintiff and Appellant, v.
WILLIAM J. CONNOLLY et al., Defendants and Respondents.

868

## COUNSEL

Joseph A. Brown, in pro. per., for Plaintiff and Appellant.

Frederick P. Furth, Jon N. Richardson and Thomas J. Gundlach for Defendants and Respondents.

## OPINION

**ELKINGTON, J.**—Plaintiff Joseph A. Brown appeals from a judgment of dismissal after the sustaining of a demurrer to his second amended complaint without leave to amend. A purported appeal by him from the related nonappealable order sustaining the demurrer must be dismissed. (See *Lavine* v. *Jessup,* 48 Cal.2d 611, 614 [311 P.2d 8].)

Brown is an attorney at law. His second amended complaint alleged, as material here, that: (1) he had "entered into a contract in writing with the defendants herein to act as an attorney at law for the defendants, William J. Connolly and the Sunswept Trading Co., Inc., to render legal services for them in an action pending in the Superior Court of the State of California, in and for the City and County of San Francisco, against the General Brewing Company, a California corporation, to recover the sum of $4,500,000; that the said agreement provided that the plaintiff should have and recover as an attorney's fee (contingent upon recovery) the sum of 25% of $4,500,000"; (2) that after he had rendered substantial services under the contract; including filing an action and prosecuting it diligently, "he was thereupon without right, without fault or cause, or any reason unjustly discharged by the defendants," and (3) "That by reason of all of the acts of the defendants herein plaintiff was deprived and prevented from earning his fee of 25% of $4,500,000." Judgment was prayed against defendants for the sum of $1,125,000 and costs of suit.

The second amended complaint contained no allegation, nor does Brown here make any contention that he could allege, that the defendants had recovered $4,500,000, or anything, on their claim against the General Brewing Company. Nor did the amended complaint contain allegations supporting, or prayer for, *the reasonable value of services* rendered in reliance upon the agreement.

Brown contended in the superior court, and here contends, that an attorney party to a percentage contingency fee contract, who, because of an unjustifiable discharge is prevented from further prosecution of his erstwhile client's claim, thereupon becomes entitled to the agreed percentage of the entire claim, even though no recovery is ever made thereon.

In *Bartlett* v. *Odd Fellows' Bank,* 79 Cal. 218, 221 [21 P. 743, 12 Am.St.Rep. 139], Bartlett, an attorney, had been employed by the bank to "obtain by judgment or compromise the payment of a claim it had against William Sharon." His compensation was to depend upon the contingency of recovery on the claim. Without sufficient cause the attorney was thereafter discharged, after which the bank did make some recovery on its claim. Bartlett sued to recover the amount to which he would have been entitled, had he been allowed to complete his agreed services and recovered the amount received by the bank. The defendant bank contended that the statute of limitations, running from the date of the contractual breach (Bartlett's discharge), rendered his claim unenforceable. The Supreme Court disagreed, stating (pp. 222-223):

"The plaintiff could not sue for damages resulting from his discharge at the time of such discharge, because he could recover no money under his

contract until the defendant should be paid some by William Sharon. The moment that money came to the hands of the defendant, and not until then, was the plaintiff entitled to his proportionate share of it. His cause of action could not accrue until the condition had happened,—that is, the money had been paid by William Sharon to the defendant,—by means of which alone the plaintiff would be entitled to anything.   [¶]   Had the plaintiff brought his action for damages for the non-compliance of the defendant with its contract in discharging him without allowing him fully to perform the services he had undertaken, the defense would have been that no damages could be recovered, because no money had been received from William Sharon; that the condition on which the plaintiff was alone to be paid had not happened, and the amount of his compensation could not be determined, as it also was contingent on and a proportionate part of the amount which Mr. Sharon might pay.   [¶]   There can be no doubt that the plaintiff's cause of action accrued when the defendant received the money and refused to pay him his share of it. The statute of limitations did not, therefore, bar the action."

■   *Jones* v. *Martin*, 41 Cal.2d 23, 27 [256 P.2d 905], tersely states the rule applicable here in this language: "An attorney employed under a contingent fee agreement who is wrongfully discharged by his client, is generally entitled to the same amount of compensation *and under the same contingency* as if he had completed the services contemplated." (Italics added.) (See also *Moore* v. *Fellner*, 50 Cal.2d 330, 343 [325 P.2d 857]; *Brown* v. *Superior Court*, 242 Cal.App.2d 519, 524 [51 Cal.Rptr. 633].)

■   This court held in *Fivey* v. *Chambers*, 199 Cal.App.2d 457, 463 [19 Cal.Rptr. 111], "It is well settled that where the attorney is wrongfully discharged before he has completely performed his contract, he may recover from the client damages for such breach, the measure of damages being the fee specified in the contract, or recover on a *quantum meruit* for the reasonable value of his services. This is true whether the attorney's contract is for a fixed or noncontingent fee, or is a contract where the amount of the fee, the liability therefor, or both, are contingent." (See also the authorities assembled therein, pp. 463-464.)   ■   It must be noted, however, as stated in *Bartlett* v. *Odd Fellows Sav. Bank, supra,* 79 Cal. 218, and *Jones* v. *Martin, supra,* 41 Cal.2d 23, at least where an attorney relies solely on his contingency fee agreement, his cause of action does not accrue until the happening of the specified contingency.

Any contrary rule would be palpably unjust. Experience has shown that more often than not the size of a party's claim bears little relation to its value. Such a rule—here argued for by Brown—allowing judgment for attorney fees based upon a percentage of a wishful estimate (often by the

attorney) of the client's claim before its liquidation or any recovery thereon, would often lead to grossly unfair consequences. A client, unfortunate enough to have misconceived a reason to discharge his attorney, without any recovery on his claim could find himself adjudged to pay many times its value—a disaster to the client and a windfall to the attorney.

█ The authorities we have cited, and reason, require us to hold, and we do hold, that a wrongfully discharged attorney has no cause of action against his former client for compensation *based upon a contingency fee contract* until the happening of the stated contingency. It follows in the case before us, there being no allegation that defendants have recovered on their claim against General Brewing Company and Brown obviously being unable to so amend his pleadings, that the trial court did not err in sustaining the demurrer to the second amended complaint without leave to amend.

We have considered the many authorities relied upon by Brown in his brief. None of them, even remotely, supports his argument that because of his alleged improper discharge he has a cause of action on his contingency fee contract for the fee therein provided, *prior to the happening of the stipulated contingency.*

The judgment of dismissal is affirmed; the purported appeal from an order sustaining the demurrer is dismissed.

Molinari, P. J., and Sims, J., concurred.