[Civ. No. 33149. First Dist., Div. Three. Dec. 12, 1974.]

JAMES TREMBATH, Plaintiff and Appellant, v.
EDWARD DIGARDI et al., Defendants and Respondents.

COUNSEL

Garry, Dreyfus, McTernan & Brotsky, Benjamin Dreyfus and William F. Schuler for Plaintiff and Appellant.

Nichols, William, Morgan & Digardi, Joan Sautter and Jesse Nichols for Defendants and Respondents.

OPINION

DRAPER, P. J.—This is an action by an attorney against other attorneys for damages allegedly caused by the latter's wrongfully inducing breach, by the first attorney's client, of his contingent fee contract. Defendants-respondents demurred to the complaint upon the ground that the statute

of limitations (Code Civ. Proc., § 339, subd. 1) had run. The demurrer was sustained without leave to amend, and the action was dismissed. Plaintiff appeals.

The complaint alleges that: James Gordon died April 10, 1970, in an accident in which he was electrocuted; he left his widow and three minor children; on the day of his death, Mrs. Gordon and plaintiff entered into a written agreement by which she employed him to prosecute her claim for damages for the wrongful death of her husband, and agreed to pay, from any sum received, his costs and one-third of the recovery if settlement was made before a trial date was set, or 40 percent of any recovery after that date; plaintiff did perform services and advanced expenses in the amount of $143.65. It is also alleged that beginning April 14, 1970, defendants, knowing of the contract with plaintiff, made false representations to Mrs. Gordon about plaintiff's ability, in order to persuade her to employ them in place of plaintiff. Allegedly, these activities culminated in the client's discharging plaintiff as her attorney on April 28, 1970; defendants thereupon prosecuted her case against a number of defendants, and "between July 24, 1972 and October 21, 1972," received $400,000 and costs in settlements and judgments. The complaint now before us was filed January 4, 1973.

█  It is undisputed that an action in tort lies for wrongful inducement of breach of contract. This rule is fully applicable to induced breach of contract to pay a contingent fee (*Herron* v. *State Farm Mutual Ins. Co.,* 56 Cal.2d 202 [14 Cal.Rptr. 294, 363 P.2d 310]). Nor is there dispute that the applicable limitation period is two years, as fixed by Code of Civil Procedure section 339, subdivision 1 (*Kenworthy* v. *Brown,* 248 Cal.App.2d 298, 301 [56 Cal.Rptr. 461]).

The issue here turns upon the date on which the cause of action accrued. █  In general, a cause of action for wrongfully induced breach occurs at the date of the wrongful act (*Kenworthy* v. *Brown, supra,* 248 Cal.App.2d 298, 301; *Kiang* v. *Strycula,* 231 Cal.App.2d 809, 812 [42 Cal.Rptr. 338]). Clearly, the accrual date could not be later than the actual breach of the contract by the party who was wrongfully induced to breach. Here, Mrs. Gordon discharged plaintiff April 28, 1970, some eight months more than two years before this action was filed.

█  Plaintiff, however, argues that the general rule on accrual cannot be applied to an attorney's contract for a contingent fee. He points to the established rule that he can have no cause of action against his *client* until the contingency of some recovery by her had occurred. (*Brown* v. *Connolly,*

2 Cal.App.3d 867 [83 Cal.Rptr. 158]; *Fracasse* v. *Brent,* 6 Cal.3d 784, 791-792 [100 Cal.Rptr. 385, 494 P.2d 9]), and that thus his cause of action against his client could not accrue earlier than July 24, 1972, when the first recovery allegedly was realized under the prosecution of her claim by respondents. Hence, he argues he could have no earlier cause of action against respondents for inducing a breach of that contract. The argument is superficially appealing, but does not stand analysis. An attorney's action against his client sounds in contract—whether it be upon the written contingency agreement or on the quasi-contractual obligation to pay the reasonable value of services rendered before the breach (see *Fracasse* v. *Brent, supra,* 6 Cal.3d at p. 791). The present action is in tort, seeking damages against a third party for wrongfully inducing breach of a valid attorney-client relationship. It is true that a valid attorney-client contract is essential to either action. But there the analogy ends.

The rules ameliorating the liability of the client in contingent fee contracts are specifically based upon the established right of the client to terminate his representation by an attorney in whom he has lost confidence, and a desire to protect the client from the risk of excessive or double payment for a single result if his lay judgment as to the existence of good cause for discharge is erroneous (see *Fracasse, supra,* 6 Cal.3d at p. 790) to prevent "a disaster to the client and a windfall to the attorney" (*Brown* v. *Connolly, supra,* 2 Cal.App.3d at p. 871). No such consideration favors a third party (particularly if he also be an attorney) who tortiously induces a client to breach a contingent fee contract. The distinction between the attorney's right against his client and that against the third party who induces breach is implied in *Herron,* which holds that despite the client's right to terminate the employment, "[a]n attorney's interest in his contingent fee agreement is greater than that of a party to a contract terminable at will," and thus supports his action against one who intentionally and unjustifiably interferes with his contract right (56 Cal.2d at p. 206). The distinction between the two causes of action has been recognized elsewhere (*State Farm Mutual Ins. Co.* v. *St. Joseph's Hospital,* 107 Ariz. 498, 502-503 [489 P.2d 837, 839-840]). A New York decision (*Lurie* v. *New Amsterdam Casualty Co.,* 270 N.Y. 379 [1 N.E.2d 472]) equated the rights of an attorney against his client with those against the breach inducer, but did so without discussion. We hold that the tort action against the third party is distinct from the contract right against the client, and that the attorney's cause of action upon the former right accrues, as would any other tort action for inducement of breach of contract, no later than the date of the breach which has been tortiously induced. Thus the demurrer was properly sustained.

In light of our holding that the attorney's right against a third party tort-

feasor is distinct from his contract rights against his client, *Fracasse* has no application to this tort action. Appellant, however, seems to have recognized that full application of that decision here would render pyrrhic any victory he might achieve as to the statute of limitations, since that decision would limit him to a recovery in quantum meruit for services rendered during the 18 days elapsing from the date of his contract to his discharge by his client. To meet the contingency of a decision favorable to him on the accrual issue, he seeks to escape the *Fracasse* limitation upon recovery by asserting that respondents are somehow estopped to rely upon that decision. But some action or omission by respondents is essential to estoppel, and here no misrepresentation or withholding of information by respondents is alleged or suggested. There is no estoppel. Nor is one necessary. Because the tort action here is distinct from any contract claim against the client, *Fracasse* does not apply either to fix the date of accrual or to govern the measure of damages.

Judgment affirmed.

Brown (H. C.), J., and Good, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.