Filed 9/23/16  Arco v. OneWest Bank FSB  CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHRISTOPHER ARCO, | |
| Plaintiff and Appellant, | G052110 |
| v. | (Super. Ct. No. 30-2014-00738695) |
| ONEWEST BANK FSB, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Andrew P. Banks, Judge.  Affirmed.

Law Offices of Rick L. Raynsford and Rick L. Raynsford for Plaintiff and Appellant.

Allen Matkins Leck Gamble Mallory & Natsis, David R. Zaro, Joshua A. Del Castillo, and Tim C. Hsu for Defendant and Respondent.

Christopher Arco appeals from a judgment after the trial court sustained OneWest Bank FSB's (OneWest) demurrer without leave to amend Arco's first amended complaint. Arco argues the trial court erred by sustaining OneWest's demurrer because the various statutes of limitations had not run and the doctrine of judicial admission was inapplicable. Neither of Arco's contentions has merit, and we affirm the judgment.

FACTS

On August 7, 2014, Arco filed a complaint (Original Complaint) against OneWest alleging the following causes of action: (1) libel; (2) intentional interference with prospective economic relations; (3) negligent interference with prospective economic relations; (4) intentional interference with contractual relationships; and (5) negligent interference with contractual relationships. The facts, as alleged by Arco, can be succinctly stated as follows: In 2010, OneWest, in retaliation for Arco's attempt to save his home from foreclosure, erroneously reported to credit agencies that Arco had suffered four foreclosures, which damaged his personal and business credit, hamstrung his business, and forced him to relinquish his majority ownership stake in his business.[1]

OneWest filed a demurrer, arguing the federal Fair Credit Reporting Act (FCRA; 15 U.S.C. § 1681 et seq.), preempted Arco's claims and the statutes of limitations had run. Arco filed opposition to the demurrer. OneWest filed a reply to the opposition. The trial court sustained the demurrer with leave to amend based on applicable statutes of limitations, declining to address the federal preemption argument based on the uncertainty of the law.

In December 2014, Arco filed a first amended complaint (FAC) alleging the same five causes of action and adding a sixth—violations of Civil Code sections

_____

[1] OneWest requests we take judicial notice of documents concerning Arco's prior litigation (OneWest and IndyMac Federal Bank in 2009 concerning breach of contract for advanced payments, and Quality Loan Service Corp., IndyMac Bank, Deutsche Bank National Trust Company, and OneWest in 2011 regarding a trustee's sale), and his real property records. We deny that request.

2

1785.25, subdivisions (a) and (g), and 1785.31. In the FAC, Arco alleged substantially the same harm but asserted the false credit reporting occurred from 2010 to 2013. He stated that in January 2013, OneWest falsely reported four foreclosures to three major credit reporting agencies. He asserted that in September 2013, OneWest's failure to correct its false reporting of four foreclosures prevented his reinstatement at his company.

OneWest filed a demurrer. In its demurrer, OneWest contended the statutes of limitations had run and FCRA preempted the first five causes of action. Arco filed opposition to the demurrer. OneWest filed a reply to the opposition. The trial court sustained the demurrer without leave to amend based on statute of limitations and judicial admissions grounds. The court entered judgment in OneWest's favor.

DISCUSSION

"We perform an independent review of a ruling on a demurrer and decide de novo whether the challenged pleading states facts sufficient to constitute a cause of action. [Citations.] 'In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.]' [Citations.] [¶] 'It is not the ordinary function of a demurrer to test the truth of the plaintiff's allegations or the accuracy with which he [or she] describes the defendant's conduct. A demurrer tests only the legal sufficiency of the pleading.' [Citation.] . . . [¶] On appeal, we will affirm a 'trial court's decision to sustain the demurrer [if it] was correct on any theory. [Citation.]' [Citation.] Thus, 'we do not review the validity of the trial court's reasoning but only the propriety of the ruling itself. [Citations.]' [Citation.]" (*Popescu v. Apple Inc.* (2016) 1 Cal.App.5th 39, 50.)

3

*Statutes of Limitations*

"Judicial admissions may be made in a pleading, by stipulation during trial, or by response to request for admission. [Citations.] Facts established by pleadings as judicial admissions '"are conclusive concessions of the truth of those matters, are effectively removed as issues from the litigation, and may not be contradicted, by the party whose pleadings are used against him or her." [Citations.] "'[A] pleader cannot blow hot and cold as to the facts positively stated.'" [Citation]' [Citation.] [¶] Not every document filed by a party constitutes a pleading from which a judicial admission may be extracted. Code of Civil Procedure section 420 explains that pleadings serve the function of setting forth 'the formal allegations by the parties of their respective claims and defenses, for the judgment of the Court.' [Citation.] 'The pleadings allowed in civil actions are complaints, demurrers, answers, and cross-complaints.' [Citation.] When these pleadings contain allegations of fact in support of a claim or defense, the opposing party may rely on the factual statements as judicial admissions. [Citation.]" (*Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 746.) "[T]he trial court may not ignore a judicial admission in a pleading, but must conclusively deem it true as against the pleader." (*Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1155 (*Thurman*).)

Here, Arco's Original Complaint stated the harm occurred in 2010. He asserted OneWest erroneously reported his foreclosures to credit agencies in 2010, lenders began cutting his personal and business credit limits in 2010, business partners stopped doing business with him in 2010, and these circumstances led to his ouster as a majority owner in his company in 2010. Based on the doctrine of judicial admissions, it was established and the trial court was required to conclusively deem as true, the harm Arco suffered occurred in 2010. Although Arco in his FAC stated the harm occurred as late as 2013, he has not provided sufficient evidentiary evidence excusing the omissions.

"The California Supreme Court held that '"[a]s a general rule a party will not be allowed to file an amendment contradicting an admission made in his original pleadings. If it be proper in any case, it must be upon *very satisfactory evidence that the party has been deceived or misled, or that his pleading was put in under a clear mistake as to the facts.*"' [Citation.]" (*Thurman, supra,* 203 Cal.App.4th at p. 1158.) Arco's assertion there were no contradictions or inconsistencies between the Original Complaint and the FAC, and the FAC was simply an elaboration does not carry the day. Arco has not provided any evidence the omissions were caused by deception or mistake. Additionally, an "elaboration" that merely added new kinds of harm to the complaint would not change the fact Arco admits he knew of harm in 2010, which was enough to trigger the statutes of limitations.

With respect to the statutes of limitations on Arco's six causes of action, they have run. The statute of limitations for libel is one year. (Code Civ. Proc., § 340, subd. (c).) The statute of limitations for intentional and negligent interference with prospective economic relations is two years. (Code Civ. Proc., § 339; *Augusta v. United Service Automobile Assn.* (1993) 13 Cal.App.4th 4, 10.) The statute of limitations for intentional and negligent interference with contractual relationships is two years. (Code Civ. Proc., § 339; *Trembath v. Digardi* (1974) 43 Cal.App.3d 834, 836.) The statute of limitations for a violation of Civil Code sections 1785.25, subdivisions (a) and (g), and 1785.31 is two years. (Civ. Code, § 1785.33.)

Based on the doctrine of judicial admissions, the injuries Arco complains of occurred in 2010. Arco filed his complaint on August 7, 2014. This was well past the one- and two-year statutes of limitations for Arco's six causes of action. Thus, the limitation periods have run, and Arco's claims are time barred. (*Staniforth v. Judges' Retirement System* (2016) 245 Cal.App.4th 1442, 1449 [demurrer proper where matters such as statute of limitations appear on face of complaint].)

5

*Federal Preemption*

In *Sanai v. Saltz* (2009) 170 Cal.App.4th 746, 773 (*Sanai*), the Court of Appeal held the FCRA preempted plaintiff's common law tort claims, which were based on the defendants' acts of furnishing information to consumer reporting agencies. In that case, plaintiff's landlord hired defendants to report to consumer credit reporting agencies a debt plaintiff allegedly owed the landlord. Upon learning of the negative information on his credit reports, plaintiff sued defendants, furnishers of information, alleging causes of action for slander, libel, intentional and negligent interference with prospective economic advantage, intentional and negligent infliction of emotional distress, violations of the Consumer Credit Reporting Agencies Act (Civ. Code, § 1785.1 et seq.), and violations of the FCRA. (*Sanai, supra*, 170 Cal.App.4th at pp. 752-753.) The court affirmed the trial court's order granting judgment on the pleadings as to plaintiff's state common law claims. The court held 15 United States Code section 1681t(b)(1)(F) "totally preempts all state common law tort claims against furnishers of credit information arising from conduct regulated by 15 United States Code section 1681s–2, including [plaintiff's] common law tort claims against [defendants]." (*Sanai, supra*, 170 Cal.App.4th at p. 773.)

In *Brown v. Mortensen* (2011) 51 Cal.4th 1052, 1064 (*Brown*), the Supreme Court adopted a narrower reading of 15 United States Code section 1681t(b)(1)(F)'s preemption clause and concluded it preempted only "state laws relating to furnisher accuracy or dispute resolution." The *Brown* court acknowledged *Sanai* adopted a broad reading of 15 United States code section 1681t(b)(1)(F)'s preemption clause but expressed no opinion on its correctness. (*Brown, supra*, 51 Cal.4th at p. 1065, fn. 9.)

Neither the Supreme Court of the United States nor the Ninth Circuit Court of Appeals has weighed in on whether the total preemption, statutory, or temporal approach is appropriate. However, the majority of *district courts* in the Ninth Circuit favor the total preemption approach. (*Buraye v. Equifax* (C.D.Cal. 2008) 625 F.Supp.2d

6

894, 899.)  Here, based on *Sanai*, the FCRA preempts Arco's first five causes of action, claims all based in tort.

*Leave to Amend*

Arco asks this court, if we affirm the trial court's judgment, to grant him leave to amend his FAC.  Arco has not carried his burden of establishing how he can amend his complaint to state a cause of action.  (*Fuller v. First Franklin Financial Corp.* (2013) 216 Cal.App.4th 955, 962 [presume complaint states allegations as favorably as possible unless plaintiff demonstrates how complaint can be amended to cure complaint].)  Thus, the trial court properly sustained OneWest's demurrer without leave to amend.

## DISPOSITION

The judgment is affirmed.  Respondent's request for judicial notice, filed January 13, 2016, is denied.  Respondent is awarded its costs on appeal.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


THOMPSON, J.