Filed 5/12/25  The Skinner Law Group v. Tacomania CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE SKINNER LAW GROUP, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> TACOMANIA, INC., et al., <br><br> Defendants and Respondents. | H052084 <br> (Santa Clara County <br> Super. Ct. No. 22CV409112) |

The Skinner Law Group (Skinner) appeals from a February 27, 2024 order granting a motion for sanctions, filed by Tacomania, Inc., Josefina Flores, and Jose A. Romero (collectively, Tacomania), against Skinner under Code of Civil Procedure[1] sections 1008, subdivision (d) and 2023.010, subdivision (h).  The trial court imposed sanctions on Skinner for filing a motion to compel the production of documents, which the court denied, and for a motion for reconsideration, which Skinner withdrew on the eve of the hearing.  The court found neither motion was substantially justified.  On appeal, Skinner contends that the court abused its discretion in granting

---

[1] All further unspecified statutory references are to the Code of Civil Procedure.

sanctions on the motion for reconsideration.  Tacomania, in turn, contends Skinner's appeal is frivolous and requests this court impose sanctions against Skinner.

For the reasons explained below, we affirm the challenged order and deny Tacomania's request for sanctions.

## I. FACTS AND PROCEDURAL BACKGROUND

*A. Facts*[2]

In July 2022, two of Tacomania's former employees, Jose Vea Castro and Jose Loredo Valle, hired Skinner to represent them in an action against Tacomania for violations of the Labor Code.  Skinner, Vea Castro, and Loredo Valle agreed to contingency fee representation.

On or about October 4, 2022, Skinner served Tacomania with a complaint on behalf of Vea Castro and Loredo Valle in the matter of *Jose Vea Castro et al. v. Tacomania, Inc. et al.* (Santa Clara County Super. Court Case No. 22CV403362) (*Vea Castro* case).

In late October 2022, Tacomania settled the claims directly with Vea Castro and Loredo Valle without Skinner's knowledge or involvement.  On November 15, 2022, Tacomania e-mailed Skinner to notify it of the settlement and attached copies of the settlement agreements.  Skinner acknowledged receipt of Tacomania's e-mail and asserted that it intended to file a complaint against Tacomania for "intentional interference."

---

[2] We take these facts from the parties' filings submitted in the trial court in connection with Skinner's complaint and its motions to compel and for reconsideration.  We recite the essential relevant facts "in the light most favorable to the prevailing party and indulge in all reasonable inferences in support of the trial court's order."  (*Shoemaker v. County of Los Angeles* (1995) 37 Cal.App.4th 618, 625.)

2

On November 17, 2022,[3] Skinner served Tacomania with identical requests as to Vea Castro and Loredo Valle for the production of documents in the *Vea Castro* case. Tacomania objected. Skinner did not move to compel production.

*B. Procedural Background*

On December 27, 2022, Skinner filed a complaint against Tacomania for intentional interference with prospective economic relations, negligent interference with prospective economic relations, and intentional interference with contractual relations. Skinner alleged it had been unable to reach Vea Castro and Loredo Valle since October or November 2022. Tacomania denied the allegations in the complaint.

On or about January 12, 2023, Skinner propounded a request on Tacomania for the production of documents (January 2023 request). Skinner sought Tacomania's personnel and payroll records for Vea Castro and Loredo Valle. The requests in the January 2023 request were substantively the same as those Skinner had served on November 17, 2022, in the *Vea Castro* case.

Tacomania issued objections to the January 2023 request on or about February 14, 2023, and did not produce any documents. Between January and March 2023, the parties met and conferred three times about the January 2023 request, during which they discussed "the propriety of the requests for production of documents and the objections lodged" and

---

[3] Although Skinner asserts in its motion to compel that it propounded the document requests in the *Vea Castro* case on Tacomania on January 12, 2023, the proof of service attached to the document requests in the record indicate they were served on Tacomania on November 17, 2022.

Skinner's failure to secure Vea Castro's and Loredo Valle's authorization for the release of their employment information.

On March 16, 2023, Skinner filed a motion to compel. Skinner argued that it needed the requested documentation "to calculate the damages of [Vea Castro and Loredo Valle] and thereby the value of [Skinner's] own contingency fee interest." In the alternative, Skinner asserted that it needed the information to demonstrate Tacomania failed to comply with federal tax laws when paying Vea Castro and Loredo Valle. Tacomania opposed the motion, noting that Vea Castro and Loredo Valle were no longer Skinner's clients, the two men had already settled their dispute with Tacomania, and Tacomania did not have authorization from Vea Castro and Loredo Valle to release their employment records to Skinner. Tacomania requested sanctions against Skinner pursuant to section 2023.010, subdivisions (a) and (h).[4]

On June 23, 2023, the trial court granted Tacomania's motion for judgment on the pleadings with respect to two of Skinner's three causes of action, with leave to amend. The court granted the motion in part due to Skinner's failure to plead and prove the element of an "independently wrongful act" in its claims of intentional interference and negligent interference with prospective economic relations. Skinner filed a first amended complaint in which it pleaded allegations of tax fraud in support of the "independently wrongful act" element.

On August 3, 2023, the trial court conducted a hearing on Skinner's motion to compel. The court found that Vea Castro's and Loredo Valle's

---

[4] Tacomania's opposition to Skinner's motion to compel cites section "2030.010," subdivisions (a) and (h). We presume that this is a typographical error and that Tacomania intended to refer to section "2023.010," subdivisions (a) and (h).

employment records were irrelevant to Skinner's complaint because "when an attorney enters into a contingency fee agreement with the client and is later terminated by that client, with or without cause . . ., the measure of damages is determined based on the reasonable value of services rendered up to the time of termination." (Citing *Fracasse v. Brent* (1972) 6 Cal.3d 784, 789; *Salopek v. Schoemann* (1942) 20 Cal.2d 150, 153; *Brown v. Connolly* (1969) 2 Cal.App.3d 867, 870.) The court denied Skinner's motion to compel and granted Tacomania's request for monetary sanctions against Skinner, awarding Tacomania $2,475 for attorney fees (calculated at $495 per hour for five hours of work) incurred in the preparation of the opposition to the motion to compel and to appear at the hearing. The court filed its written order on August 23, 2023.

On September 5, 2023, Skinner filed a motion for reconsideration of the order denying its motion to compel. Skinner argued that it was "merely seeking records—specifically, payroll records that would show whether [Tacomania] properly withheld FICA taxes from the wages of [] Vea Castro and [] Loredo Valle—that would allow [Skinner] to prove the independent wrongful act [of] felony tax fraud." Skinner offered as "new facts" copies of a check and timecards one of the two men[5] provided to Skinner in July 2022, and a July 3, 2023 meet and confer letter offering to postpone the motion to compel hearing to give Tacomania time to object if it believed Skinner "had not adequately alleged an independently wrongful act" in Skinner's first amended complaint. Skinner acknowledged that it did not assert any "new" law in its motion for reconsideration but argued it had now properly pleaded

---

[5] In its motion for reconsideration, Skinner asserted that Vea Castro provided the documents, but in his declaration in support of the motion, counsel for Skinner stated that Loredo Valle provided the documents.

the elements of two of its causes of action by including allegations of an independently wrongful act.  In addition, Skinner argued that it was substantially justified in pursuing a motion to compel.  In a case management statement filed on October 17, 2023, Skinner stated that its motion for reconsideration was "scheduled for [January 23, 2024]."

Tacomania filed its opposition to Skinner's motion for reconsideration on January 9, 2024.  Tacomania requested that the court impose monetary sanctions on Skinner pursuant to sections 1008, subdivision (d) and 2031.310, subdivision (i).  Tacomania asserted that it had incurred $3,512.50 in attorney fees opposing Skinner's motion for reconsideration.

On January 19, 2024, Skinner filed a case management statement that did not reference its motion for reconsideration.

On January 22, 2024, Tacomania learned that the time for the reconsideration hearing had changed and notified Skinner of that fact via e-mail.  Skinner responded by e-mail that it had taken its motion for reconsideration "off calendar," and indicated that, because it had never provided Tacomania with an amended notice of the hearing, the matter could not be heard.

On January 23, 2024, the trial court conducted a hearing on Skinner's motion for reconsideration.  The court noted that Skinner had withdrawn the motion for reconsideration without providing notice to Tacomania and requested that the parties file supplemental declarations regarding Tacomania's sanctions request.

Tacomania asserted in its supplemental declaration that Skinner's motion for reconsideration failed to present any new facts, law, or circumstances.  In addition, citing section 2023.010, subdivision (h),

6

California Rules of Court, rule 3.1304(b),[6] and the court's local rules regarding proper notice, Tacomania argued that the court should impose sanctions against Skinner. Tacomania argued Skinner misused the discovery process and failed to notify Tacomania and the court of its withdrawal of its motion for reconsideration until the day before the scheduled hearing, despite the parties' "frequent correspondence" and Skinner having received Tacomania's opposition to the motion. Tacomania requested sanctions in the amount of $5,130, comprising both the earlier requested sanctions (covering the cost of preparing the opposition to Skinner's motion) and the additional cost of preparing the supplemental declaration in support of sanctions.

Skinner responded that it was justified in filing the motion for reconsideration because it believed the trial court had been persuaded by Tacomania's contention that Skinner did not have evidence to substantiate Skinner's claim that Tacomania had committed an " 'independent wrongful act.' " However, "[u]pon reflection," Skinner decided it was "unlikely" that Tacomania's argument impacted the court's decision on the motion to compel and decided it was "more efficacious to table the matter." Skinner maintained that the foregoing reasons led it to decide not to file an amended notice of its motion for reconsideration that included the hearing date.

On February 27, 2024, the trial court conducted a hearing on Tacomania's motion for sanctions and adopted its tentative ruling. The court found no substantial justification for either Skinner's motion to compel or motion for reconsideration given that (1) Vea Castro and Loredo Valle apparently terminated their relationship with Skinner in October or

---

[6] The rule requires the moving party to "immediately notify the court if a matter will not be heard on the scheduled date." (Cal. Rules of Court, rule 3.1304(b).)

November 2022; (2) despite calling the settlement agreement between the two men and Tacomania unconscionable, Skinner did not attack the validity of the terms of the settlement agreement or cite to anything in the record or any legal authority in support of its assertion; and (3) Vea Castro's and Loredo Valle's personnel and payroll records were irrelevant to the measure of potential damages, which would be "determined based on the reasonable value of services rendered up to the time of termination."

The trial court noted that, despite the extensive communications between the parties and Skinner's receipt of Tacomania's opposition to the motion for reconsideration, Skinner gave Tacomania "no indication" of its "intention to withdraw [its] motion for reconsideration" until the day before the hearing. The court acknowledged Skinner's argument regarding the lack of an amended notice containing the hearing date, but observed that Skinner did not support its argument with any legal authority.

The trial court found that both the motion to compel and the motion for reconsideration "were an unnecessary burden on defendant Tacomania and its counsel." The court granted Tacomania's request for monetary sanctions against Skinner pursuant to sections 2023.010, subdivision (h) and 1008, subdivision (d), and ordered Skinner to pay $5,130.

Skinner appeals the trial court's February 27, 2024 order.

## II. DISCUSSION

Skinner argues that the trial court abused its discretion in imposing sanctions pursuant to section 2023.010, subdivision (h) because that statute does not expressly authorize the imposition of sanctions for an unjustified motion for reconsideration.[7] Skinner contends that the trial court also erred

---

[7] Skinner does not challenge on appeal the sanctions amount.

in imposing sanctions under section 1008, subdivision (d) because the court failed to provide Skinner with a 21-day safe harbor period within which " 'to withdraw or appropriately correct the sanctionable conduct' " in contravention of section 128.7, subdivision (c)(1). It further contends that it was inappropriate for the court to impose sanctions given that Skinner "functionally withdrew" its motion for reconsideration "by not serving [Tacomania] any notice of the date and time of the hearing." Skinner maintains that it was justified in moving to compel the production of documents pertaining to Vea Castro's and Loredo Valle's payroll information because the information was relevant to Skinner's claims of tortious interference.[8] It argues that the date of termination of its attorney-client relationship with the two men is irrelevant because Tacomania conceded that it settled the men's claims after Skinner filed the complaint in the *Vea Castro* case.

Tacomania responds that the trial court had authority under section 2023.010 to impose sanctions for Skinner's motion for reconsideration because the motion was a continuation of Skinner's earlier motion to compel. It contends that the trial court's entire sanctions order can be affirmed under section 2023.010. Tacomania maintains that section 1008 is applicable because the safe harbor requirement set forth in section 128.7 did not apply given Skinner's withdrawal of its motion for reconsideration, which "made compliance" with the safe harbor requirement "impossible." It argues that the court may still impose sanctions in such circumstances because it gave Skinner adequate notice and an opportunity to be heard.

---

[8] Skinner does not challenge on appeal the trial court's determination that the requested documents were not relevant to the measure of damages it sought for the alleged tortious interference by Tacomania.

9

*A. Applicable Law*

Section 2023.010 sets forth a nonexhaustive list of discovery misconduct that is subject to sanctions, including "[m]aking . . ., unsuccessfully and without substantial justification, a motion to compel or to limit discovery." (*Id.*, subd. (h).)  Trial courts generally take "an incremental approach" to imposing sanctions for discovery abuses.  (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 992 (*Doppes*).)  Monetary sanctions are considered the least severe and most common form of sanction for discovery misuse.  (*Ibid.*)

Section 2023.030 supplies a mechanism for addressing discovery misuse described in section 2023.010.  (*City of Los Angeles v. PricewaterhouseCoopers, LLP* (2024) 17 Cal.5th 46, 67, 75 (*City of Los Angeles*).)  Section 2023.030, subdivision (a) authorizes the trial court to issue discovery sanctions in the form of monetary sanctions.  (*Kwan Software Engineering, Inc. v. Hennings* (2020) 58 Cal.App.5th 57, 73 (*Kwan*).)  After notice and an opportunity for hearing, "[t]he court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct."  (§ 2023.030, subd. (a).)  "These principles of causation and reasonableness ensure fidelity to the well-established principle that ' "the court may not impose sanctions which are designed not to accomplish the objects of discovery but to impose punishment." ' "  (*City of Los Angeles,* at p. 75.)

"If a monetary sanction is authorized . . ., the court *shall* impose that sanction *unless* it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."  (§ 2023.030, subd. (a), italics added.)  The party facing

10

sanctions bears the burden of proving that "it acted with 'substantial justification.' " (*California Shellfish Inc. v. United Shellfish Co.* (1997) 56 Cal.App.4th 16, 25.)

Section 1008 governs motions for reconsideration of orders and allows "any party affected by the order [to] within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order." (*Id.*, subd. (a).) The moving party must submit together with the application an affidavit which states, among other things, "what new or different facts, circumstances, or law are claimed to be shown." (*Ibid.*; *New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212 (*New York Times*).)

If a party violates section 1008, the court may impose "sanctions as allowed by [s]ection 128.7" (*Id.*, subd. (d)), which sets forth the procedure by which a party or a court (on its own motion) may initiate a motion for sanctions (§ 128.7, subd. (c)). Section 128.7 expressly states that it does not apply "to disclosures and discovery requests, responses, objections, and motions." (*Id.*, subd. (g).) Section 128.7 is not part of the Civil Discovery Act. (See *People v. Buenrostro* (2018) 6 Cal.5th 367, 397, fn. 16 [noting the Act begins at section 2016.010].)

B. Standard of Review

"The trial court has broad discretion in selecting discovery sanctions." (*Doppes*, *supra*, 174 Cal.App.4th at p. 992.) We review an order for monetary sanctions under the deferential abuse of discretion standard. (*Britts v. Superior Court* (2006) 145 Cal.App.4th 1112, 1123.) Under this standard, the appropriate test is whether "the trial court exceeded the bounds of reason, all

11

of the circumstances before it being considered." (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598.) " ' "To the extent that reviewing the sanction order requires us to construe the applicable discovery statutes, we do so de novo, without regard to the trial court's ruling or reasoning." ' " (*Kwan, supra,* 58 Cal.App.5th at p. 73; see also *Muller v. Fresno Community Hospital & Medical Center* (2009) 172 Cal.App.4th 887, 906–907 ["It is the ruling, and not the reason for the ruling, that is reviewed on appeal."].)

" 'The burden is on the party complaining to establish an abuse of discretion.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.) That burden includes providing the appellate court with reasoned arguments and citations to authority on each point raised. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862; *Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649.) When the appellant asserts a point but fails to support it, the reviewing court may treat it as forfeited. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 (*S.C.*).)

*C. Analysis*

1. <u>Sanctions in the Trial Court</u>

Skinner maintains that the trial court erred in imposing sanctions for its motion for reconsideration pursuant to section 2023.010, subdivision (h) because "the plain language of this statutory subdivision . . . does not apply to such a motion."[9]

We acknowledge that section 2023.010 does not explicitly reference motions for reconsideration. This fact, however, does not establish the trial court lacked authority to impose sanctions for the motion for reconsideration. Motions to compel *are* explicitly listed in the statute. (See *id.*, subd. (h)

---

[9] Skinner does not challenge on appeal the trial court's imposition of sanctions for the motion to compel.

[describing discovery misconduct subject to sanctions as including "[m]aking . . ., unsuccessfully and without substantial justification, a motion to compel or to limit discovery"].)  Further, section 2023.010 states that the list of discovery abuses enumerated in the statute is illustrative not exhaustive.  It provides, "Misuses of the discovery process include, *but are not limited to*, the following . . . ."  (*Ibid*., italics added; see *City of Los Angeles*, *supra*, 17 Cal.5th at p. 67; *Mattco Forge, Inc. v. Arthur Young & Co.* (1990) 223 Cal.App.3d 1429, 1440–1441 (*Mattco Forge*).)

Section 1008, subdivision (a) provides that a motion for reconsideration is the moving party's request to the court "to reconsider the matter and modify, amend, or revoke the prior order."  In other words, the movant asks the court to review its underlying order—here, the court's denial of Skinner's motion to compel—and reach a different decision.  (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 840 ["Section 1008 expressly applies to all renewed applications for orders the court has previously refused."].)  The decision by the Court of Appeal in *Mattco Forge* supports the application of section 2023.010 sanctions to a motion for reconsideration:  "Reconsideration, in a discovery dispute as in most other contexts, involves further proceedings on the underlying motion and is simply a continuation of the hearing in which the reconsidered order was rendered."  (*Mattco Forge*, *supra*, 223 Cal.App.3d at p. 1437; see also *Buchanan v. Buchanan* (1979) 99 Cal.App.3d 587, 594 [stating that reconsideration of a motion "involved further proceedings on that same motion"].)

Skinner contends that *Mattco Forge* is inapplicable because (1) the sanctioned party in *Mattco Forge* was the nonmoving party; and (2) there was no " 'continuation' " because Skinner "never served a notice of the

13

reconsideration motion with the date and time of the hearing" and "later withdrew the motion before the hearing." However, Skinner does not develop a cogent argument or cite any legal authority to support his contention that his motion for reconsideration was not a continuation of the underlying discovery dispute.

Our courts "repeatedly have held that the failure to provide legal authorit[y] to support arguments forfeits contentions of error." (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948; see also *Plantations at Haywood 1, LLC v. Plantations at Haywood, LLC* (2025) 108 Cal.App.5th 803, 815 [finding no error in the imposition of sanctions where counsel failed to offer any evidence and to cite to authority to support his argument]; *S.C., supra*, 138 Cal.App.4th at p. 408 ["When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' "]; *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979.) Thus, "conclusory claims of error will fail." (*S.C.*, at p. 408.)

In the absence of statutory support or pertinent case authority, Skinner fails to persuade us that the trial court erred. We decide that the trial court had authority under section 2023.010 to impose sanctions on Skinner for its motion for reconsideration because that motion was a continuation of Skinner's motion to compel.

We turn to whether the trial court erred in its conclusion that Skinner did not act "with substantial justification."[10] (See § 2023.030, subd. (a).) Skinner asserts that it was substantially justified in filing a motion for

---

[10] Skinner does not challenge on appeal the trial court's implied determination that its motion for reconsideration was "[m]a[de] . . . unsuccessfully." (§ 2023.010, subd. (h).)

14

reconsideration because the documents Skinner sought were relevant to the " 'independent wrongful act' elements" in its first amended complaint. It further asserts that its "original motion to compel was substantially justified" on the basis that determining the merits of Vea Castro's and Loredo Valle's claims against Tacomania was relevant to ascertaining the merits of Skinner's claim of tortious interference against Tacomania. Here, too, Skinner fails to develop any coherent argument or cite any legal authority to support its assertions.

Moreover, having reviewed the record on appeal, we decide Skinner lacked substantial justification for filing its motion for reconsideration because it failed to present any new or different facts, circumstances, or law. (§ 1008, subd. (a).) The "new" evidence Skinner relies on consists of documents Skinner received in July 2022. Despite being presented to the trial court for the first time in connection with the motion for reconsideration, because the documents were already in Skinner's possession at the time it filed its motion to compel, this evidence is not new "within the meaning of section 1008." (*New York Times*, *supra*, 135 Cal.App.4th at p. 213; see *id*. at pp. 212–213 ["The burden under section 1008 is comparable to that of a party seeking a new trial on the ground of newly discovered evidence: the information must be such that the moving party could not, with reasonable diligence, have discovered or produced it at the trial."].) "Even if this evidence somehow could be considered 'new,' [Skinner] failed to provide a satisfactory explanation for its failure to present it earlier." (*Id*. at p. 213; *Randy's Trucking, Inc. v. Superior Court* (2023) 91 Cal.App.5th 818, 843–844 [" 'Courts have construed section 1008 to require a party filing an application for reconsideration . . . to show diligence with a satisfactory explanation for not having presented the new or different information earlier.' "].)

15

In addition, Skinner did not offer any new or different law to justify reconsideration of the trial court's order denying its motion to compel.[11]  (See *Baldwin v. Home Savings of America* (1997) 59 Cal.App.4th 1192, 1196.) Skinner contended that it amended its complaint to allege a required element—an "independently wrongful act"—in two of its causes of action that it did not "properly plead" in its original complaint.  The United States Code sections Skinner cited in support of its allegations of tax fraud are not "new" law.  Moreover, Skinner had already asserted in its motion to compel that it needed the requested documents to prove Tacomania's independent wrongful act of tax fraud and stated it "intend[ed] to add [tax fraud] as an allegation in its [f]irst [a]mended [c]omplaint . . . towards the independent wrongful act analysis."

Skinner has not met its burden of demonstrating the trial court abused its discretion in finding that Skinner lacked substantial justification for filing its motion to compel and motion for reconsideration and in imposing sanctions pursuant to section 2023.010 based on that finding.  We conclude that the trial court did not abuse its discretion in imposing sanctions.[12]

 2. <u>Motion for Sanctions on Appeal</u>

Tacomania seeks an order from this court imposing sanctions against Skinner in the amount of $12,129 in attorney fees for time spent responding to Skinner's appeal and "to deter further abusive litigation tactics by"

---

[11] Nor did Skinner assert the existence of any new or different circumstances in its motion for reconsideration or contend on appeal that it had done so.

[12] Because we determine that the trial court had authority to impose sanctions under section 2023.010, we need not decide whether the trial court erred in citing section 1008 as additional authority for its sanctions order. (See *Mattco*, *supra*, 223 Cal.App.3d at p. 1440 ["An order or judgment correct on any theory will be affirmed on appeal."].)

Skinner. Tacomania contends Skinner brought a frivolous appeal as part of "a clear pattern of abusive litigation tactics" that includes its "baseless motion to compel," a motion for reconsideration that did not include any new facts or law, and an appeal that Tacomania contends fails to cite or address applicable case law. Tacomania did not file in this court a separate motion for sanctions or a supporting declaration specifying the amount sought.

Under the governing rules, an appellate court "may impose sanctions . . . on a party or an attorney" (Cal. Rules of Court, rule 8.276(a)) for "[t]aking a frivolous appeal or appealing solely to cause delay." (*Id.*, rule 8.276(a)(1).) "A party seeking sanctions on appeal must file a separate motion for sanctions that complies with the requirements of" the applicable rules. (*Kajima Engineering and Construction, Inc. v. Pacific Bell* (2002) 103 Cal.App.4th 1397, 1402.) The motion "must include a declaration supporting the amount of any monetary sanction sought and must be served and filed before any order dismissing the appeal but no later than 10 days after the appellant's reply brief is due." (Cal. Rules of Court, rule 8.276(b)(1).) If the party seeking sanctions fails to comply with these requirements, it is "not entitled to be heard on the subject." (*Kajima*, at p. 1402; *Bak v. MCL Financial Group, Inc.* (2009) 170 Cal.App.4th 1118, 1127–1128.)

Because Tacomania "failed to follow the proper procedure for requesting sanctions," we decline its request. (*Committee to Save the Beverly Highlands Homes Assn. v. Beverly Highlands Homes Assn.* (2001) 92 Cal.App.4th 1247, 1273, fn. 10.)

### III. DISPOSITION

The February 27, 2024 order is affirmed. Respondent is awarded costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

17

_____
Danner, J.

WE CONCUR:

_____
Grover, Acting P. J.

_____
Lie, J.

**H052084**
*The Skinner Law Group APC v. Tacomania Inc. et al.*